### DOWBY v OHIO THEATRES CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10166. Decided December 9, 1929

Messrs. J. J. Tetlow, Esq., and Anderson & Lamb, Cleveland, for Dowby.

Messrs. Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Theatres Co.

LEMERT, P. J. & SHERICK, J. (5th Dist) sitting.

LEMERT, PJ.

A careful perusal and examination of the record in this case discloses that all the testimony in the case was presented and introduced by the plaintiff below except one witness Dr. M. A. Thomas was called on behalf of the defendant below.

Without discussing the evidence at great length as offered in the court below, we deem it sufficient for the purpose of this opinion to cite briefly from the evidence as disclosed by the record We note that after the claimed accident that plaintiff admitted that he sat in his seat during the whole of the play, which lasted at least two hours after the alleged time of the accident which took place at about nine o'clock; that the plaintiff did not report the accident to any of the theatre employes or ushers at any time during the evening or thereafter and at the conclusion of the play drove his automobile to his home, claiming that he gave some notification of the accident on the following day.

From an examination of the evidence as disclosed by the record, there was a serious question in this case on the question of contributory negligence. The record clearly shows that the plaintiff rather than waiting until the end of a scene in a play, went down to his seat in darkness and while the play was proceeding. It would seem from the record in the case that the plaintiff was seated on perhaps the fourth seat from the aisle, a strange couple being seated on the first and second seat next to the aisle and the wife of plaintiff on the third seat from the aisle. It was, therefore, necessary for the plaintiff to pass the first two people who were other than people in the party of eight who were attending the theatre with plain-

tiff, and also it was necessary thereby to pass the wife of plaintiff in error in order to get to the seat where plaintiff claims to have been seated and plaintiff claims that while he was in the act of sitting down that his foot slipped and slid into the pit or the lower level hereinbefore referred to.

In any event, this was a question pure and simple for the jury to determine. The jury were not bound to believe the plaintiff's evidence in this case. No claim was made to anybody that evening that the plaintiff had any accident or had sustained any injuries. He sat during the whole performance, saw all of it, came out with his friends, passed the ushers at the office and made no complaint, and there is no question in this case but what this lawsuit was fairly submitted to the jury, nor is there any question but that the court charged the jury correctly, and that the jury gave the case very careful consideration.

It is to be noted in the record that the plaintiff admitted that he knew that there was an orchesra pit at the front and that he knew that he was in the front row, but he says he did not think of that situation at the time. He says he supposed that he was looking at his seat, but he did not know. He says he might have touched the rope but he did not know.

The jury in this case could easily have believed that there was plenty room for the plaintiff to go to his seat, and he was taken to his seat by the usher and his seat was pointed out to him in the first row.

If he fell over the feet of the first couple, or the couple next to the aisle, or over his wife's feet, in going to his seat in the absence of other proof the defendant in this case would not be liable. This case was clearly an issue of fact for the jury. It saw the witnesses and could appraise them. The law is plain and clear that before a reviewing court will reverse the judgment of the lower court as against the weight of the evidence, it must shock the senses and appear that a grave error has been committed. **30 Ohio Appeals, 442; 26 Ohio Appeals, 32.**

We believe, from the evidence submitted and the record in this case, that the jury could have returned a verdict against the plaintiff on either one of two theories: First: That plaintiff himself was guilty of negligence, directly contributing to the accident, or, second, that the proof failed to show that the defendant was in any manner negligent in causing plaintiff's injuries. Whatever the course taken by the jury which resulted in a conclusion of a general verdict for the defendant may be, we find and believe that the verdict of the jury was right.

Therefore, finding no error in this case prejudicial to the rights of the plaintiff herein, the finding and judgment of the court below will be and the same is hereby affirmed. Exceptions may be noted.

Sherick, J., concurs. Houck, J., not participating.